UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PETER J. MUNOZ, JR., | ) |
| Plaintiff, | ) 2:10-cv-1564-RLH-RJJ |
| vs. | ) |
| HOWARD SKOLNIK, *et al.*, | ) O R D E R |
| Defendant, | ) |

This matter was submitted to the undersigned Magistrate Judge on Plaintiff's Motion for an Order Stopping Defendants Counsel and Defendants Employer from Block Plaintiff Access to the Court (#26). The Court has reviewed the Motion (#26) and the Response (#27).

Plaintiff, Peter J. Munoz, Jr., is a prisoner in the custody of the Nevada Department of Corrections incarcerated at the Warm Springs Correctional Center in Carson City, Nevada ("Prison"). On February 7, 2010, Plaintiff filed his Civil Rights Complaint (#8) pursuant to 42 U.S.C. § 1983, against Defendants.

In the instant Motion (#26), Plaintiff claims that the Prison has limited his access to the prison law library. It is unclear to what extent access has been limited because the allegations in Plaintiff's motion are vague and, at times, contradictory. Plaintiff alleges that law library access has been limited to a "satalight [*sic*] law library run by kites and inmate employees." Motion (#26) at 2. Plaintiff claims that the inmate workers in the law library are untrained in the law. Motion (#26) at 4. Plaintiff also states that "the law library is only open for approx. 40 minute [*sic*] a day." Motion (#26) at 2. On the other hand, Plaintiff claims that there is "no physical

access to the law library . . . at Warm Springs Correction Center," and that "only the inmate workers in the law library are allowed to use the computer data base." Motion (#26) at 4. Plaintiff also claims that the Prison has implemented a "book paging system" or a "kite system" whereby inmates must make specific written requests for legal material. Motion (#26) at 4. Plaintiff claims that this system generally requires several requests and several weeks before inmates are able to acquire relevant case citations. Motion (#26) at 4. In this Motion (#26) Plaintiff requests:

> This Honorable Court to issue an order to re-open [*sic*] the law library to physical access, so the Plaintiff (as well as inmate) can do his research also be able [*sic*] to make a proper and timely response like the court looks for, stopping the Defendant's counsel, and Defendant's employer from blocking physical access to the law library, creating an adventage [*sic*] in favor of Defendants [*sic*] counsel by denying all motion and responses due to time delay.

Motion for Order Stopping (#26) at 5.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Court reaffirmed its long held position that prisoners have a constitutional right of access to the courts. In *Cornett v. Donovan*, 51 F.3d 894 (9th Cir. 1995) the Ninth Circuit stated that "the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action." *Cornett*, 51 F.3d at 898. This is consistent with the Supreme Court's decision in *Bounds v. Smith,* which articulated that the "main concern" regarding the right of access to the courts was "'protecting the ability of an inmate to *prepare a petition or complaint.*'" *Bounds v. Smith*, 430 U.S. at 828 n. 17 (1977) (emphasis added). Plaintiff has successfully filed his complaint against Defendants.

Furthermore, *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court held that a prisoner claiming that a prison law library is inadequate or that official action somehow blocked his access to the court must allege "actual injury." The Court in *Lewis* made it clear that prison inmates have no right to a law library or to legal assistance. *Lewis*, 518 U.S. at 350. Rather, the right acknowledged in *Bounds* is the right of access to the courts. *Id*. The court stated that "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his

1  prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518
2  U.S. at 351.
3  An "actual injury" is "actual prejudice with respect to contemplated or existing
4  litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518
5  U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d
6  1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous
7  legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal
8  materials) (citing *Lewis*, 518 U.S. at 353 & n.4). Delays in providing legal materials or
9  assistance that result in actual injury are "not of constitutional significance" if "they are
10 the product of prison regulations reasonably related to legitimate
11 penological interests." *Lewis*, 518 U.S. at 362.
12 No actual injury has been shown here. Plaintiff has gained access to the court by
13 successfully filing his complaint. It appears that Plaintiff's main concern is that, due to the nature
14 of the library paging system, he may not have sufficient time to perform research and respond to
15 motions filed by the Defendants. If justified, Plaintiff should submit a request for extension.
16 Based on the foregoing and good cause appearing therefore,
17 IT IS HEREBY ORDERED that Plaintiff's Motion For an Order Stopping Defendants
18 Counsel and Defendants Employer From Blocking Plaintiff's Access to the Court (#26) is
19 DENIED.
20 DATED this  16th  day of November, 2011.

                                    _____
23                                  ROBERT J. JOHNSTON
                                    United States Magistrate Judge