UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | |
|---|---|
| PETER J. MUNOZ, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>HOWARD SKOLNIK, et al.,<br><br>    Defendants. | 2:10-cv-01564-MMD-RJJ<br><br>O R D E R |

This matter is before the Court on the Plaintiff's Motion to Extend Prison Copywork Limit for Federal Action (#77). The Court has considered the Plaintiff's Motion (#77), the Defendants' Response (#78), and the Plaintiff's Reply (#81).

**BACKGROUND**

On February 7, 2010, Peter J. Munoz, Jr., a prisoner in custody of the Nevada Department of Corrections (NDOC), filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against the Defendants. Munoz has since reached or exceeded the $100 prison copy work limit allowed by Nevada Department of Prisons Administrative Regulation 720. See NDOP A.R. 702.01(7)(D). In the present motion (#77), Munoz seeks a Court order granting him the right to make any additional copies which may be necessary for this case. The Defendants oppose this Motion but have waived their right to service via United States mail. Additionally, Munoz, in his Reply (#81), seeks appointment of counsel.

///

///

///

**DISCUSSION**

**I.  Copy Work Limit**

Munoz is seeking the right to exceed the $100 prison copy work limit.  Munoz cites Local Rule 7-2 and Fed.R.Civ.P. 5(d) for the proposition that he is required to serve copies of all pleadings on the Court and the Defendants.  Thus, he asserts, if he is denied the right to make additional copies, he will be unable to present his claims and defenses in a meaningful manner.

The Defendants, on the other hand, argue Munoz that has not been precluded from presenting his claims or defenses, because he can use carbon paper, or make handwritten copies.  Munoz, the Defendants assert, is not entitled to unlimited copy work financed by the State of Nevada.  Additionally, the Defendants note, since this case has already proceeded through discovery and the parties are presently awaiting a decision on the Defendants' post-discovery Motion for Summary Judgment (#64), it is unclear why any additional copy work is necessary.

In his Reply (#81), Munoz asserts that NDOC is not financing his copy work. See Plaintiff's Reply (#81) at 2, lines 9-11.  According to Munoz, he pays for all of his copy work because NDOC "takes the money out of [his] prison account." See Plaintiff's Reply (#81) at 2, lines 3-8, 24-26.  Munoz asserts that "money is taken from his account, every time money is sent to him and applied to credit debts for legal copies, postage and supplies." See Plaintiff's Reply (#81) at 2, lines 11-13.

Thus, it appears Munoz is paying off his copy work debt as he is able and his copying is not technically free.  However, Munoz's  motion indicates that NDOC financed the first $100 of Munoz's copy work and Munoz is now seeking to exceed his copy work credit limit.   See Motion to Extend Prison Copywork Limit (#77) at 1 lines 25-26.  Therefore, the question before this Court is whether Munoz should be permitted to exceed the $100 credit limit for prison copy work.

1  "Inmates can only accrue a maximum of $100 debt for copy work expenses." NDOP A.R.(7)(D).  Plaintiffs do not have a right to unlimited photocopying.  *Allen v. Clark County Det. Ctr.*, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011) citing *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); also citing *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989) (stating "numerous courts have rejected any constitutional right to free and unlimited photocopying").  "A court can, however, order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties."  *Allen,*  2011 WL 886343, *2 (finding that the plaintiff had demonstrated a need to increase the copy work limit when he provided a copy of his inmate account statement showing a negative balance of $199 and the case was pending appeal before the Ninth Circuit.)

In this case, Munoz has not shown a need for additional photocopying.  First, Munoz has not provided a prison account statement, or any other documentation, showing that he is unable to pay for additional copies.  Rather, he has stated that money is sent to him and he uses that money to pay down his copy work debt.  See Plaintiff's Reply (#81) at 2, lines 11-13.  Second, Munoz has not indicated why this stage of the case necessitates additional photocopying. He has given no information pertaining to what copies he believes are necessary pending the Court's consideration of Defendants' post-discovery Motion for Summary Judgment (#64).  Finally, Munoz has asserted that he "has diabetic neuropathy in his hands which makes it hard and painful hor [him] to write" long and legible documents.  However, Munoz has provided no medical documentation of this condition or other information evidencing that he cannot write. The Court notes that Munoz made this allegation in his Reply (#81), which was an 8 page, single spaced, handwritten document.  Further, all items filed by Munoz in this case have been handwritten.

Based on the information before the Court, there is no need to extend the prison copy work limit for this case.   Accordingly, the Motion to Extend Prison Copywork Limit (#77) is denied.

## II.     Appointment of Counsel

In the final paragraph of Munoz's Reply (#81), Munoz requests appointment of counsel. See Plaintiff's Reply (#81) at 6, lines 1-8.  Munoz bases this request on a vague assertion that the prison law library is closed. *Id*.  This request was not properly made in the initial motion and thus the Defendants were not given an opportunity to respond. Accordingly, the Court will not address this untimely request.

## **ORDER**

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Prison Copywork Limit for Federal Action (#77) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' right to service by United States mail is **WAIVED** for so long as Attorney General Kara L. Krause remains the Defendants' lead counsel.

DATED this  11th  day of October, 2012.

                                                                        _____
                                                                        ROBERT J. JOHNSTON
                                                                        United States Magistrate Judge

- 4 -